Jeff P. Prostok
State Bar No. 16352500
Lynda L. Lankford
State Bar No. 11935020
Emily S. Chou
State Bar No. 24006997
FORSHEY & PROSTOK, L.L.P.
777 Main Street, Suite 1550
Fort Worth, Texas 76102
Phone: (817) 877-8855
Fax: (817) 877-4151
jprostok@forsheyprostok.com
llankford@forsheyprostok.com
echou@forsheyprostok.com

PROPOSED ATTORNEYS FOR DEBTORS
AND DEBTORS-IN-POSSESSION

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| NGV GLOBAL GROUP, INC., *et al.*,[1] | § | Case No. 22-42780-MXM-11 |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |

**DECLARATION OF JEFF P. PROSTOK IN SUPPORT OF DEBTORS' APPLICATION FOR ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF FORSHEY & PROSTOK, LLP AS ATTORNEYS FOR THE DEBTORS AS OF THE PETITION DATE**

I, Jeff P. Prostok, state and declare:

1. I am an attorney at law admitted to practice before this Court. I am a partner with the law firm of Forshey & Prostok, LLP ("F&P") which maintains a business address at 777 Main Street, Suite 1550, Fort Worth, Texas, 76102. F&P is the proposed general bankruptcy counsel for NGV Global Group, Inc. ("NGV Global"), Natural Gas Vehicles Texas, Inc. ("NGV Texas"), Natural Gas Supply, LLC ("NGS"), and Natural Gas Logistics Inc. ("NGL", and collectively with NGV Global, NGV Texas, and NGS, the "Debtors"), in connection with the Debtors' chapter 11 cases.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: NGV Global Group, Inc. (9723), Natural Gas Vehicles Texas, Inc. (8676), Natural Gas Supply, LLC (4584) and Natural Gas Logistics Inc. (5403).

2. I make this Declaration ("Declaration") in support of the *Debtors' Application for Order Authorizing the Employment and Retention of Forshey & Prostok, LLP as Attorneys for the Debtors as of the Petition Date* (the "Application")[2] and to provide disclosures required under sections 327, 328, 329 and 504 of the Bankruptcy Code, Bankruptcy Rule 2014, and N.D. Tex. L.B.R. 2014-1.

3. The facts set forth in this Declaration are personally known to me based upon personal knowledge, unless otherwise noted, and if called as a witness I would and could competently testify thereto. To the extent that any information disclosed herein requires amendment or modification, I reserve the right to submit a supplemental statement to the Court.

4. The attorneys at F&P who will be primarily responsible for the representation of the Debtors will be me, Lynda L. Lankford, Emily Chou, and Dylan T.F. Ross. Additionally, the services of other attorneys or paralegals at F&P may be utilized to take advantage of available expertise and economic efficiencies or based on other commitments of F&P attorneys. The current hourly rates charged by F&P are provided below:[3]

| Professional | Fee Range |
| --- | --- |
| Jeff P. Prostok: | $725.00 |
| Lynda L. Lankford | $525.00 |
| Emily Chou | $525.00 |
| Dylan T.F. Ross | $325.00 |
| Other Firm Attorneys: | $325.00 to $675.00 |
| Paralegals / Legal Assistants: | $175.00 to $225.00 |

5. Subject to the Court's approval, F&P will charge the Debtors for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates as in effect on the

---

[2] Capitalized terms used herein and not otherwise defined have the meanings ascribed to them in the Application.

[3] These rates are subject to change from time to time.

date services are rendered.

6.      It is F&P's practice to seek reimbursement from its clients for all reasonable and necessary out-of-pocket expenses incurred in connection with its representation, including postage, delivery charges, photocopying charges, travel expenses, computerized research charges, transcription charges, and filing fees. F&P customarily maintains detailed records of any actual and necessary or appropriate costs and expenses incurred in connection with the aforementioned legal services. F&P will charge the Debtors' estates for such expenses in a manner and at rates consistent with charges made generally to F&P's other clients and consistent with normal practices within this District.

6.      F&P intends to apply to the Court for compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and orders of this Court.

7.      F&P was retained by the Debtors on or about April 5, 2022 (prior to the Petition Date) to provide legal advice to the Debtors, including restructuring and bankruptcy advice, and preparation of the requisite petitions, pleadings, exhibits, and lists relating to the commencement of the Debtors' chapter 11 cases. In connection with such engagement, on November 15, 2022, NGV Global paid a retainer to F&P in the amount of $100,000.00 (the "Retainer").

8.      Prior to the Petition Date, F&P incurred a total of $60,654.50 in professional fees and expenses in connection with this engagement. Such prepetition balance was fully satisfied out of the Retainer. Consequently, the unused balance of the Retainer as of the Petition Date was $39,345.50. The unused balance of the Retainer will be held in trust by F&P and will be available to be applied to post-petition services, as approved by the Court, including pursuant to any procedures for interim compensation approved by the Court.

9.      As of the Petition Date, the Debtors were not indebted to F&P for any pre-petition services.

10.     I do not believe F&P has received any preferential payments, as its fees and

expenses were: (1) billed against the Retainer; (2) paid in the ordinary course; and/or (3) F&P continued to provide new value to the Debtors after receiving such payment. If F&P is retained as counsel, and if any such transfers to F&P are determined to be preferential, and not subject to any defense or offset, F&P will return the voidable transfer and will waive any pre-petition claim based upon the return of the voidable transfer.

11. Neither I, F&P, nor any member thereof, insofar as I have been able to ascertain, has ever represented an interest materially adverse to the Debtors or the Debtors' estates in the matters upon which F&P is to be employed. F&P has not, insofar as I have been able to ascertain, ever represented any of the Debtors prior to this engagement. F&P has not, insofar as I have been able to ascertain, ever represented any person against or in a manner adverse to any of the Debtors.

12. I believe F&P is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

13. Except as may specifically be allowed by the Bankruptcy Code, F&P has not shared or agreed to share (a) any compensation or reimbursement of expenses it has received or may receive in these chapter 11 cases with any person or entity, or (b) any compensation another person or entity has received or may receive in these chapter 11 cases.

14. Except as otherwise disclosed herein, insofar as I have been able to ascertain, neither I, F&P nor any professional employed by F&P has any connections with the Debtors, their creditors, any other party-in-interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee.

15. In preparing this Declaration, I or someone under my supervision and direction reviewed documents provided by the Debtors to determine whether F&P has any relationship with the parties in these chapter 11 cases. To the extent such review indicated that F&P had or has a relationship with or connection to any interested party, such relationship or connection is disclosed below. To the extent that F&P may have any relationship or connection with the Debtors

or any creditor or party-in-interest that F&P is unaware of, F&P reserves the right to amend this Declaration.

## F&P's Connections with Parties-in-Interest

16. Based on information known to date, F&P's connections with the Debtors, creditors, other parties-in-interest, their respective attorneys and accountants, the United States Trustee or any person employed in the Office of the United States Trustee, are as follows:

    (a) <u>Current and Former Clients</u>. F&P has in the past represented and may currently represent certain creditors and parties-in-interest in matters wholly unrelated to the Debtors' cases. So far as I have been able to ascertain, F&P has never represented any creditor or party-in-interest in any matter relating to the Debtors. See subparagraphs (d) to (n) below for specific connections.

    (b) <u>Attorneys, accountants and other professionals; Office of the United States Trustee</u>. F&P may have worked closely with one or more attorneys, accountants and other professionals who may participate in these chapter 11 cases on behalf of the Debtors, creditors, or other parties-in-interest. For instance, F&P has worked closely in the past with the United States Trustee and persons employed by the Office of the United States Trustee. F&P is not aware of any connection with any such person or entity which relates to the Debtors herein or which involves any interests adverse to the Debtors.

    (c) <u>Other potential parties-in-interest</u>. F&P has endeavored in good faith to determine connections it may have with the principal creditors and parties-in-interest in these cases based on information provided to it by the Debtors. Nevertheless, it is possible that F&P may have other connections unrelated to these chapter 11 cases with other persons or entities involved herein. However, F&P has not represented any creditor or party-in-interest in relation to the Debtors, and F&P will not represent any person or entity other than the Debtors in these cases. F&P will

supplement this Declaration if F&P becomes aware of any connection with any other party-in-interest that would require disclosure.

(d) F&P pays franchise tax to the Texas Comptroller of Public Accounts.

(e) F&P pays Texas unemployment taxes to the Texas Workforce Commission.

(f) F&P and certain of its partners and employees pay property taxes to Tarrant County Tax Assessor/Collector and/or Dallas County Tax Assessor/Collector;

(g) Partners and employees of F&P pay income tax to the IRS;

(h) F&P has been adverse to Comdata, Inc. in an unrelated matter that was resolved and closed via settlement agreement;

(i) F&P represented Chico Auto Parts in a 2013 bankruptcy case unrelated to the Debtors;

(j) F&P represented Stuart Hose & Pipe Co, Inc. in a 2016 bankruptcy case unrelated to the Debtors

(k) F&P represented AmeriCredit in the early to mid-2000s in bankruptcy cases unrelated to the Debtors;

(l) F&P represented Industrial Power & Trust Equipment in an adversary proceeding brought forth by the Liquidating Trustee in Dean Foods unrelated to the Debtors;

(m) Certain F&P attorneys and staff have accounts with NTTA; and

(n) Certain F&P attorneys and staff utilize the services of Spectrum, Verizon, and AT&T.

17. The disclosures above are based upon information reasonably available to F&P at the time of submission of the Application to the Court. F&P will supplement this Declaration as may be required by the Bankruptcy Code and Bankruptcy Rules if and when any other connection requiring disclosure becomes known.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: December 15, 2022

*/s/ Jeff P. Prostok*
Jeff P. Prostok