Jeff P. Prostok
State Bar No. 16352500
Lynda L. Lankford
State Bar No. 11935020
Emily S. Chou
State Bar No. 24006997
FORSHEY & PROSTOK, L.L.P.
777 Main Street, Suite 1550
Fort Worth, Texas 76102
Phone: (817) 877-8855
Fax: (817) 877-4151
jprostok@forsheyprostok.com
llankford@forsheyprostok.com
echou@forsheyprostok.com

ATTORNEYS FOR DEBTORS
AND DEBTORS-IN-POSSESSION

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| NGV GLOBAL GROUP, INC., *et al.*,[1] | § | Case No. 22-42780-MXM-11 |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |
| | § | **Expedited Hearing Requested** |

**DEBTORS' EXPEDITED MOTION FOR ENTRY OF ORDER (I) AUTHORIZING
DEBTORS TO CONTINUE PRE-PETITION INSURANCE PROGRAMS WITH THE
HARTFORD, (II) AUTHORIZING DEBTORS TO PAY PRE-PETITION PREMIUMS
AND RELATED OBLIGATIONS, AND (III) GRANTING RELATED RELIEF**

TO THE HONORABLE MARK X. MULLIN, UNITED STATES BANKRUPTCY JUDGE:

COME NOW NGV Global Group, Inc. ("NGV Global"), Natural Gas Vehicles Texas, Inc. ("NGV Texas"), Natural Gas Supply, LLC ("NGS"), and Natural Gas Logistics Inc. ("NGL", and collectively with NGV Global, NGV Texas, and NGS, the "Debtors"), as debtors and debtors-in-possession, and file *Debtors' Expedited Motion for Entry of Order (i) Authorizing Debtors to Continue Pre-Petition Insurance Programs with The Hartford, (ii) Authorizing Debtors to Pay Pre-*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: NGV Global Group, Inc. (9723), Natural Gas Vehicles Texas, Inc. (8676), Natural Gas Supply, LLC (4584) and Natural Gas Logistics Inc. (5403).

Debtors' Expedited Motion for Entry of Order (i) Authorizing Debtors to Continue Pre-Petition Insurance Programs
With The Hartford, and (ii) Authorizing Debtors to Pay Pre-Petition Premiums and Related Obligations, and (iii)
Granting Related Relief.    Page 1

*Petition Premiums and Related Obligations, and (iii) Granting Related Relief* (the "Motion"). In support of the Motion, the Debtors respectfully state as follows:

## SUMMARY

1. The Debtors operate as part of a related group of global technology companies that design, manufacture, distribute and support natural gas operated medium and heavy-duty commercial vehicles sold worldwide. The companies convert vehicles to compressed natural gas engines, refurbish and service existing class 8 vehicles powered by natural gas engines and fueling systems for application in their own motor transportation business and for sale to third party companies interested in the conversion of trucks and buses to operate on natural gas. The companies are among the largest privately held natural gas logistics companies in the United States. As a group, the companies employed over 240 mechanics, driver, and logistics professionals specializing in CNG vehicles.

2. NGL is a Texas corporation that operates as one of the largest privately-owned 100% alternative fuel transportation companies in the United States. NGL provides a range of logistics services, including dedicated truckload, less-than-truckload, mail/e-commerce, rock hauling, expedited and intermodal/drayage, and its customer base includes Amazon, PepsiCo, Hobby Lobby, UPS, and the USPS. The transportation industry is among the largest contributors to greenhouse gas emissions, and NGL helps its customers reduce carbon emissions by up to 85% and improve environmental, social, and governance scores. The NGL fleet consists of medium and heavy-duty commercial alternative fuel vehicles, including CNG, renewable natural gas (RNG), and hybrid electric vehicles.

3. The Debtors, as a group, carry several insurance policies with various insurance companies. The Hartford ("Hartford") provides NGL with its auto liability insurance for $1,000,000.00 of coverage per incident (the "Policy"). The Debtors seek to pay a total $200,102.94 in past-due premiums to Hartford, including $196,795.94 in prepetition premiums.

**JURISDICTION AND VENUE**

4.  This Court has jurisdiction over these chapter 11 cases and the Motion pursuant to 28 U.S.C. §§ 1334 and 157(b), and venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.  The predicates for the relief requested in this Motion are sections 105(a), 362(d), 363(b), 1107(a) and 1108 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 4001, 6004 and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**BACKGROUND**

5.  On November 17, 2022 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

6.  The Debtors continue to manage and operate their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.  No trustee, examiner, or committee has been appointed in these cases.

7.  On November 22, 2022, the Court entered its *Order Pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure Directing Joint Administration of Chapter 11 Cases* [Docket No. 28] requiring all orders, pleadings, papers, and documents to be filed in the NGV Global chapter 11 case and establishing case no. 22-42780-11-mxm as the lead case in these matters.

**THE DEBTORS' INSURANCE PROGRAMS WITH THE HARTFORD**

8.  In connection with the operation of their businesses, the Debtors, as a group, maintain various liability and property insurance policies and programs. The Debtors have worked with their insurance providers, including Hartford, to continue and maintain all insurance policies and programs post-petition.[2]  The Debtors have recently reached an agreement with Hartford to deem the Policy continuing and uninterrupted in exchange for the Debtors' agreement to pay past-

---

[2] The Debtors also maintain their workers' compensation insurance with Hartford (the "Workers' Compensation Policy"). As of the date of this Motion, the Workers' Compensation Policy is current. The Debtors are seeking not seeking any relief related the Workers' Compensation Policy with this Motion.

due and future premiums and other obligations as provided herein.

9. The Policy's details are listed on **Exhibit A**. The chart on **Exhibit A** shows the carrier, policy period, deductible or self-insured retention, policy limits, annual premium, and premiums owed. The Debtors pay $989,691.00 annually to Hartford for NGL's auto liability coverage. Hartford currently holds a letter of credit in the amount of $500,000.00 from prior years.[3] The Debtors also made a loss deposit with Hartford on the Policy in the amount of $19,192.00. Under the Policy, the Debtors made an initial down payment equal to one month's premium. The Debtors' premium is $92,783.00 per month, plus a monthly invoice for claims handling activities made during that month under the $250,000.00 deductible (the "Loss Claims"). These Loss Claims usually range between $5,000.00 and $10,000.00 per month.

10. As of this Motion, the Debtors owe two pre-petition premium payments in the total amount of $185,566.00, two pre-petition Loss Claims in the total amount of $11,229.94, and one post-petition Loss Claim in the amount of $3,307.00.[4] The total amount of past-due premiums is $200,102.94 (the "Owed Premiums").[5]

11. Pursuant to the Debtors' agreement with Hartford, the Debtors propose to pay the Owed Premiums in two (2) equal installments. The Debtors will pay half of the Owed Premiums ($100,051.47) ten (10) days after entry of an order granting this Motion and the remaining half ($100,051.47) twenty (20) days after entry of an order granting this Motion. The Debtors will continue to make premium and Loss Claim payments when and as due. Further, the Debtors have

---

[3] Upon renewal of the Policy, Hartford requested an additional letter of credit in the amount of $200,000.00 (the "LOC"). This additional LOC was not provided and the Debtors do not seek relief to do so by this Motion.

[4] Hartford also asserts that the Debtors owe $691,483.00 based on a premium audit from its insurance policies with Hartford in 2021 to 2022. Hartford has not yet filed a proof of claim related to this debt. The Debtors reserve all rights to object or otherwise dispute this claim.

[5] The Debtors timely paid the post-petition premium due on December 18, 2022 and expect to timely pay the premium due January 18, 2023.

agreed to provide Hartford with a "No Known Loss" letter upon entry of the Order granting this Motion confirming that no new claims have been incurred under the Policy.

12. Additionally, the Debtors have agreed to conditional relief from the automatic stay to permit Hartford to send a notice of cancellation to Debtors under the applicable law if (a) the Debtors fail to make a timely payment for Owed Premiums or future premiums and Loss Claims, and (b) Hartford provides written notice of any such missed payment to counsel for the Debtors and the Debtors fail to cure such deficiency within ten (10) days thereafter.

13. During the negotiations related to this Motion, the Debtors and Hartford have disagreed on the status of the Policy. Hartford maintained that the Policy had been canceled pursuant to a cancellation notice issued prepetition that did not become effective until after the Petition Date (the "Notice of Cancellation"). The Debtors have maintained that the Notice of Cancellation was curable and that the automatic stay prevented the Policy from being cancelled. Pursuant to the parties' agreement, upon entry of the order granting this Motion, the Policy will be deemed continuing and uninterrupted and the Notice of Cancellation will be deemed withdrawn.

## RELIEF REQUESTED

14. The Debtors request entry of an order substantially in the form attached hereto as **Exhibit B**, (i) granting the Debtors the authority to pay Hartford the Owed Premiums as provided herein and to continue making premium and Loss Claims payments as provided in the Policy, and (ii) granting Hartford conditional relief from the automatic stay to issue a notice of cancellation if Debtors fail to make timely payments as provided herein.

## BASIS FOR RELIEF

15. The Court has the authority to grant the relief requested in this Motion under Bankruptcy Code sections 105(a), 362(d), 363(b), 1107(a) and 1108, and Bankruptcy Rules 4001, 6004 and 9019.

16. Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any

order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." The purpose of section 105(a) is to permit bankruptcy courts the power to take actions that are appropriate or necessary in the exercise of their bankruptcy jurisdiction. COLLIER ON BANKRUPTCY ¶ 105.01 (16th ed.).

17. To invoke the equitable powers of section 105(a), the Court must first rely on a specific provision of the Bankruptcy Code to support the relief requested in the motion. *In re Oxford Mgmt., Inc.*, 4 F.3d 1329, 1334 (5th Cir. 1993); *In re CoServ, L.L.C.*, 273 B.R. 487, 497 (Bankr, N.D. Tex. 2002). In these cases, sections 363(b), 1107 and 1108 provide such a bridge.

18. Section 363(b)(1) provides that the Debtors may use, sell, or lease property of their estates outside the ordinary course of business after notice and a hearing. Courts generally require only that a debtor "show that a sound business purpose" justifies the use of estate property. *In re Montgomery Ward Holding Corp.,* 242 B.R. 147, 153 (D.Del. 1999).

19. Section 1107(a) requires the debtor, as a debtor in possession, to perform all the functions and duties of a trustee under the Bankruptcy Code. Section 1108 permits the debtor in possession to operate its business. "Implicit in the duties of a Chapter 11 trustee or a debtor in possession, as set out in sections 1106 and 704 of the Bankruptcy Code, is the duty to protect and preserve the estate, including an operating business's going-concern value." *In re CoServ*, 273 B.R. at 497.

20. Further, it is well-established by case law that, under certain circumstances, a debtor may pay certain pre-petition claims in the performance of the debtor's fiduciary duty to preserve the estate and the business's going-concern value. *See, e.g., Miltenberger v. Logansport Ry.,* 106 U.S. 286, 312 (1882) (authorizing payment of pre-receivership claim prior to reorganization permitted to prevent "stoppage of ... [crucial] business relations"); *In re CoServ*, 273 B.R. at 497 (noting that "it is only logical that the bankruptcy court be able to use section 105(a) of the Code to authorize satisfaction of a prepetition claim in aid of preservation or enhancement of

the estate").

21. Courts have developed the "Doctrine of Necessity" to determine whether a proposed payment is necessary to preserve and protect the estate. *See In re Just for Feet, Inc.*, 242 B.R. 821, 825-26 (D. Del. 1999) (developing and discussing the doctrine); *In re CoServ,* 273 BR at 491-93 (discussing the doctrine). Generally, the Doctrine of Necessity allows a debtor to pay pre-petition obligations if such payments are critical to a debtor's reorganization.

22. In these cases, it is essential to the continued operation of the Debtors' businesses and their reorganization efforts that the Policy be maintained on an ongoing and uninterrupted basis. The failure to pay insurance related obligations when they are due may affect the Debtors' ability to maintain, obtain, or renew coverage.

23. If the Policy terminated or lapsed, the Debtors could be exposed to substantial liability for damages or injuries to others. Also, pursuant to the terms of many of their leases and commercial contracts, as well as the guidelines established by the Office of the United States Trustee, the Debtors must remain current with respect to many of its insurance policies.

24. The Debtors have investigated whether it would be feasible and more economic to obtain an auto policy through another provider. The Debtors determined that obtaining such insurance during the bankruptcy case would be difficult and would require a larger initial cash payment than the amount of Owed Premiums. Based on this, the Debtors have determined in their business judgment that paying the Owed Premiums to continue the Policy is in the Debtors' best interests.

25. To the extent the terms of the proposed order invoke the provisions of Bankruptcy Rule 9019, such terms should be approved under Rule 9019 "if the settlement is 'fair and equitable and in the best interests of the estate.'" *See In re Cajun,* 119 F.3d 349, 355 (5th Cir 1977). Here, the Debtors have determined in their business judgment that paying the Owed Premiums and continuing the Policy is more cost beneficial than attempting to obtain new insurance at this time.

Consequently, the terms of the Debtors' agreement with Hartford are fair and equitable and in the best interests of the estates and creditors.

26. For similar reasons, cause exists to grant Hartford conditional relief from the automatic stay, as provided herein, pursuant to section 362(d)(1) as a condition to Hartford's agreement to deem the Policy continuing and uninterrupted. It is critical that the Debtors continue to maintain the Policy on an uninterrupted basis and be permitted to pay premiums and related costs in the ordinary course of the Debtors' businesses and consistent with pre-petition practices.

27. By making the requests in this Motion, the Debtors are not assuming any executory contracts pursuant to section 365 of the Bankruptcy Code. The Debtors reserve all rights with respect to the Policy.

## WAIVER OF BANKRUPTCY RULE 6004(h)

28. Unless the Bankruptcy Court orders otherwise, Bankruptcy Rule 6004(h) provides that all orders authorizing the use of property pursuant to section 363 of the Bankruptcy Code are automatically stayed for fourteen (14) days after entry of such orders. Here, it is imperative to the Debtors and their creditors that they be assured that proper insurance remains in place. Accordingly, the Debtors hereby request that the Bankruptcy Court waive the fourteen-day stay period under Bankruptcy Rule 6004(h).

## LIMITED NOTICE

29. Notice of this Motion has been or will be provided to (i) the Office of the United States Trustee for the Northern District of Texas; (ii) counsel for Hartford; (iii) the Debtors' secured creditors; (iv) the Debtors' top twenty unsecured creditors; and (v) all parties-in-interest who have formally appeared and requested notice. The Debtors submit that such notice is sufficient and proper under the circumstances, and that no other notice need be given.

## PRAYER

WHEREFORE, the Debtors respectfully request entry of the attached proposed order granting (a) the relief requested herein and (b) such other and further relief as is just and proper.

Dated:  January 13, 2023             Respectfully submitted,

/s/ Jeff P. Prostok
Jeff P. Prostok
State Bar No. 16352500
Lynda L. Lankford
State Bar No. 11935020
Emily S. Chou
State Bar No. 24006997
FORSHEY & PROSTOK, L.L.P.
777 Main Street, Suite 1550
Fort Worth, Texas 76102
Phone: (817) 877-8855
Fax: (817) 877-4151
jprostok@forsheyprostok.com
llankford@forsheyprostok.com
echou@forsheyprostok.com

ATTORNEYS FOR THE
DEBTORS AND DEBTORS-IN-POSSESSION

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served upon the parties listed below via email, and on the attached service list via United States Mail, first class postage prepaid, or via ECF electronic Notice, if available, on January 13, 2023.

| | |
|---|---|
| United States Trustee<br>Attn: Erin Schmidt, Trial Attorney<br>Attn: Elizabeth Young, Trial Attorney<br>1100 Commerce Street, Room 976<br>Dallas, TX 75242<br>*Email: erin.schmidt2 @usdoj.gov*<br>*Email: elizabeth.a.young @usdoj.gov* | Mark G. Ledwin<br>Wilson Elser Moskowitz Edelman & Dicker LLP<br>1133 Westchester Avenue<br>White Plains, NY 10604<br>914.323.7000 (Main)<br>914.323.7001 (Fax)<br>mark.ledwin@wilsonelser.com<br><br>ATTORNEYS FOR THE HARTFORD |

/s/ *Jeff P. Prostok*
Jeff P. Prostok

L:\JPROSTOK\Natural Gas Logistics, Inc. (NGV Global) #6321 WO\Pleadings\Motion to Continue Insurance and Pay Pre-Petition Premiums 1.13.23.docx

**Exhibit A**

| Carrier | Type of Insurance | Policy Period | Deductible or SIR | Policy Limits | Annual Premium | Owed Premiums |
|---|---|---|---|---|---|---|
| The Hartford | Auto Liability  Policy No: 46 CSF WQ0255 | May 18, 2022 to May 18, 2023 | $250,000.00 | $1,000,000.00 | $989,691.00 | $200,102.94 |

**Exhibit B**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| NGV GLOBAL GROUP, INC., *et al.*,[1] | § | Case No. 22-42780-MXM-11 |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |

**ORDER GRANTING DEBTORS' EXPEDITED MOTION FOR ENTRY OF ORDER (I)
AUTHORIZING DEBTORS TO CONTINUE PRE-PETITION INSURANCE PROGRAMS WITH
THE HARTFORD, (II) AUTHORIZING DEBTORS TO PAY PRE-PETITION PREMIUMS
AND RELATED OBLIGATIONS, AND (III) GRANTING RELATED RELIEF**

On this day the Court considered the *Debtors' Expedited Motion for Entry of Order (i) Authorizing Debtors to Continue Pre-Petition Insurance Programs with The Hartford, (ii) Authorizing Debtors to Pay Pre-Petition Premiums and Related Obligations, and (iii) Granting Related Relief* [Docket No. ____] (the "Motion")[2] filed by ("NGV Global"), Natural Gas Vehicles Texas, Inc. ("NGV Texas"), Natural Gas Supply, LLC ("NGS"), and Natural Gas Logistics Inc.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: NGV Global Group, Inc. (9723), Natural Gas Vehicles Texas, Inc. (8676), Natural Gas Supply, LLC (4584) and Natural Gas Logistics Inc. (5403).

[2] Capitalized terms not otherwise defined herein have the definition ascribed in the Motion.

Order Granting Debtors' Expedited Motion for Entry of Order (i) Authorizing Debtors to
Continue Pre-Petition Insurance Programs With The Hartford, and (ii) Authorizing Debtors
to Pay Pre-Petition Premiums and Related Obligations, and (iii) Granting Related Relief.    Page 1

("NGL", and collectively with NGV Global, NGV Texas, and NGS, the "Debtors"), as debtors and debtors-in-possession in these Bankruptcy Cases.

The Court, having reviewed the Motion and having considered the evidence presented and the arguments of counsel at a hearing on the Motion, the Court hereby finds: (a) the Court has jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; (b) the Motion is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O); (c) adequate and appropriate notice of the Motion and the hearing on the Motion has been given; (d) the relief sought in this Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest, (e) the Debtors have demonstrated good, sufficient, and sound business purpose and justification for the relief requested in the Motion, and (f) the legal and factual bases set forth in the Motion establish just cause for the relief granted herein.

Accordingly, it is hereby ORDERED that:

1. The Motion is granted.

2. The Debtors are authorized to (a) pay half of the Owed Premiums to Hartford within ten (10) days after entry of this Order, and the remaining half of the Owed Premiums to Hartford within twenty (20) days after entry of this Order, and to (b) continue operating under the Policy and making post-petition premium and Loss Claim payments when and as due.

3. If the Debtors fail to timely make any payment described in paragraph 2 hereof, Hartford may provide written notice of any such missed payment to counsel for the Debtors. If the Debtors fail to cure any such deficiency within ten (10) days after receipt of such notice, the automatic stay provisions of Bankruptcy Code section 362(a) shall automatically lift to permit Hartford to send a notice of cancellation to the Debtors under applicable law.

4. Upon entry of this Order, the Debtors shall provide Hartford with a "No Known Loss" letter confirming that no new claims have been incurred under the Policy.

5. The Policy is hereby deemed to be continuing and uninterrupted, including since

Order Granting Debtors' Expedited Motion for Entry of Order (i) Authorizing Debtors to
Continue Pre-Petition Insurance Programs With The Hartford, and (ii) Authorizing Debtors
to Pay Pre-Petition Premiums and Related Obligations, and (iii) Granting Related Relief.    Page 2

the Petition Date, and the Notice of Cancellation is hereby deemed withdrawn.

6. The fourteen-day stay under Bankruptcy Rule 6004(h) is waived. The terms of this Order shall be immediately effective and enforceable upon entry of this Order.

7. Nothing herein shall be construed to constitute an assumption of the Policy or any other agreement under section 365 of the Bankruptcy Code.

8. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

### ### END OF ORDER ###

L:\JPROSTOK\Natural Gas Logistics, Inc. (NGV Global) #6321 WO\Pleadings\Order Granting Motion re Hartford Insurance 1.9.23.docx

Order Granting Debtors' Expedited Motion for Entry of Order (i) Authorizing Debtors to
Continue Pre-Petition Insurance Programs With The Hartford, and (ii) Authorizing Debtors
to Pay Pre-Petition Premiums and Related Obligations, and (iii) Granting Related Relief.    Page 3

*Limited Service List
NGV Global, et al.
#6321*

NGV Global Group, Inc., et al.
Attn: Farroukh Zaidi, CEO
10733 Spangler Road
Dallas, TX 75222

Erin Schmidt, Trial Attorney
Office of the U.S. Trustee
1100 Commerce St., Room 976
Dallas, TX 75202

FirstCapital Bank of Texas, N.A.
5580 LBJ Freeway, Suite 100
Dallas, TX 75240

Tom McLeod Software Corp.
100 Corporate Parkway, Suite 100
Birmingham, AL 35242

Ford Motor Credit Company, LLC
PO Box 680020, MD 610
Franklin, TN 37068

Maplemark Bank
4143 Maple Ave., Suite 100
Dallas, TX 75219

Bank of DeSoto, NA
PO Box 7777
DeSoto, TX 75123

Mike Albert, Ltd.
10340 Evendale Dr.
Cincinnati, OH 45241

Simmons Bank
4625 S National Ave.
Springfield, MO 65810

Tristate Capital Bank
One Oxford Centre
301 Grant St., Suite 2700
Pittsburgh, PA 15219

Vision Financial Group, Inc.
615 Iron City Drive
Pittsburgh, PA 15205

Internal Revenue Service
Centralized Insolvency Operations
PO Box 21126
Philadelphia, PA 19114-0326

AmeriCredit Financial Services, Inc.
dba GM Finance
PO Box 183853
Arlington, TX 76096

Ford Motor Credit Company LLC
c/o National Bankruptcy Service Center
P.O. Box 62180
Colorado Springs, CO 80962-2180

# NGV Global Group, Inc.
# 20 Largest Unsecured Creditors

Addison Group
7076 Solutions Center
Chicago, IL 60677-7000

AFCO
5600 North River Rd.
Suite 400
Rosemont, IL 60018-5187

ANGI
PO Box 516
Janeville, WI 53547-5216

Archerpoint
2405 Satellite Blvd., Suite 225
Duluth, GA 30096

Bridgestone
PO Box 730026
Dallas, TX 75373-0026

Comdata
5301 Mayland Way
Brentwood, TN 37027

Dallas Regional Chamber
500 N. Akard St., Suite 2600
Dallas, TX 75201

Faisal Reza
3604 Barrydale Dr.
Denton, TX 76208

Mark Conner, CPA PLLC
PO Box 2709
Coppell, TX 75019

OSHA
1100 Campbell Rd., Suite 250
Richardson, TX 75081

~~OSI 10737 Spangler Road LLC~~
~~309 East Paces Ferry Rd. NE~~
~~Suite 60~~
~~Atlanta, GA 30305~~

~~OSI 10801 Spangler Road LLC~~
~~309 East Paces Ferry Rd. NE~~
~~Suite 60~~
~~Atlanta, GA 30305~~

OSI 2001 Manana Drive LLC
~~309 East Paces Ferry Road NE~~
~~Suite 60~~
~~Atlanta, GA 30305~~

Spectrum

Sunwest Communications Inc.
4851 LBJ Freeway
Dallas, TX 75224

~~Tara Energy~~
~~4925 Greenville Ave.~~
~~Dallas, TX 75206~~

TEKSwork
118 South 3rd St.
Williamsburg, KY 40769

The Carbon Agency
802 N. Kealy Ave., Suite 200
Lewisville, TX 75057-3136

# Natural Gas Vehicles Texas, Inc.
## 20 Largest Unsecured Creditors

1-800-Radiator & A/C
2626 Northhaven Road
Dallas, TX 75229

Cavalier Co.
196 Mark Lane
Royse City, TX 75189

Continental Tire
1830 MacMillian Park Dr.
Fort Mill, SC 29707

Cummins
PO Box 772642
Detroit, MI 48277-2642

Daltex Trailer Repair
3124 Partridge Ct.
Grand Prairie, TX 75052

Fleetpride Truck and Trailer Park
~~601 W Mockingbird Lane~~
~~Dallas, TX 75247~~

Geoff Beveridge
661 E Main St., Suite 200
Midlothian, TX 76065

HYLIION
1202 BMC Dr., Suite 100
Cedar Park, TX 78613

Imperial Supplier LLC
PO Box 5362
Janeville, WI 53547-5362

Marcel Pradella
2124 Dogwood Creek Ave.
Yukon, OK 73099

Premier Truck Group of Dallas No.
PO Box 840827
Dallas, TX 75284-0827

Recappers (V)
2360 East Grauwyler
Irving, Texas 75061

Rush Enterprises
~~109 Cundiff Dr.~~
~~Seagoville, TX 75159~~

Snap On
12617 E FM917 Suite E
Alvarado, TX 76009

Southern Tire Mart
816 W Mockingbird Dr.
Dallas, TX 75247

Southwest International Truck (V)
3722 Irving Blvd.
Dallas, TX 75247

U-line
PO Box 88741
Chicago, IL 60680-1741

Unifirst
~~PO Box 650841~~
~~Dallas, TX 75265-0481~~

Valvoline
3221 East Arkansas Lane
Arlington, Texas 76010

Z & Son Transmission
10418 C.F. Hawn Frwy
Dallas, TX 75217

# Natural Gas Supply, LLC
# 20 Largest Unsecured Creditors

Comdata
5301 Mayland Way, Suite 100
Brentwood, TN 37027

# Natural Gas Logistics Inc.
# 20 Largest Unsecured Creditors

| | | |
|---|---|---|
| ~~Advantage Trailer Rentals~~<br>~~PO Box 772320~~<br>~~Detroit, MI 48277~~ | **Boscus Canada Inc.**<br>**900 Avenue Selkirk**<br>**Pointe-Clair QC H9R3S3** | Comdata<br>5301 Mayland Way<br>Brentwood, TN 37027 |
| Crossroads Trailer Service Inc.<br>226 Irby Lane<br>Irving, TX 75061 | Crum & Foster<br>855 Winding Brook Dr.<br>Glastonbury, CT 06033 | DCLI<br>3525 Whitehall Park Dr.<br>Charlotte, NC 02827 |
| Enrique Joya | Escreen<br>PO Box 25902<br>Overland Park, KS 66225 | Hartford Financial Services<br>PO Box 415738<br>Boston, MD 02241-5738 |
| J.J. Keller<br>PO Box 6609<br>Carol Stream, IL 60197 | Kay Polymer Trucking<br>1919 FM 565<br>Baytown, TX 77523 | Lockton<br>PO Box 123036<br>Dallas, TX 75312-3036 |
| Loves<br>PO Box 842568<br>Kansas City, MO 64184 | McKinney Trailer Rentals<br>PO Box 515574<br>Los Angeles, CA 90051 | McLeod Software<br>~~Dept. 3500~~<br>~~Birmingham, AL 35283~~ |
| Mike Hendrixson<br>4819 Osprey Dr.<br>Orange Beach, AL 36561 | Perez Luis Manuel Hernandez<br>c/o Paul R. Hornung<br>Domingo A. Garcia PC<br>1111 W Mockingbird Ln, Ste 1200<br>Dallas, TX 75247 | Samba Holdings Inc.<br>Dept. LA 24536<br>Pasadena, CA 91185 |
| Tonya Singh<br>c/o Jim S. Adler & Associates<br>2711 N. Haskell, Suite 2500<br>Dallas, TX 75204 | TRAC Intermodal<br>750 College Road East<br>Princeton, NJ 08540 | |

## NOTICES OF APPEARANCE/PROOFS OF CLAIM

Mike Albert, Ltd.
c/o Patrick M. Lynch, Esq.
Quilling, Selander, et al.
2001 Bryan St., Suite 1800
Dallas, TX 75201

Mike Albert, Ltd.
c/o Robert G. Sanker, Esq.
Keating Muething & Klekamp PLL
One East Fourth St., Suite 1400
Cincinnati, OH 45202

FirstCapital Bank of Texas, N.A.
c/o Jared Knight, B. Hartman, C. Miller
Morgan Williamson LLP
701 S. Taylor, Suite 324
Amarillo, TX 79101

OSI 10801 Spangler, LLC, OSI 10737
Spangler, LLC, OSI 202 Mana Dr, LLC
c/o Mark Stromberg
Stromberg Stock PLLC
8350 N Central Expwy, Suite 1225
Dallas, TX 75206

Dallas County
c/o John K. Turner
Linebarger Goggan, et al.
2777 N. Stemmons Fwy, Suite 1000
Dallas, TX 75207

Bank of DeSoto, N.A.
c/o Law Office of Vicki K. McCarthy
114 South 5th Street
Midlothian, TX 76065

Mitsubishi HC Capital America, Inc.
c/o Matthew F. Kye, Esq
Kye Law Group, P.C.
201 Old Country Rd, Suite 120
Melville, NY 11747

Ford Motor Credit Company LLC
c/o Stephen G. Wilcox
Wilcox Law, PLLC
PO Box 201849
Arlington, TX 76006

MapleMark Bank
c/o Trey A. Monsour
Fox Rothschild LLP
2501 N. Hartwood St., Suite 1800
Dallas, TX 75201

DalTex Trailer Repair
c/o Mark B. French
Law Office of Mark B. French
1901 Central Dr., Suite 704
Bedford, TX 76021

Premier Truck Group of Dallas North
c/o Marilee A. Madan, Esq.
5485 Belt Line Rd., Suite 290
Dallas, TX 75254

Uline
12575 Uline Drive
Pleasant Prairie, WI 53158

Fastenal Company
Attn: Legal
2001 Theurer Blvd.
Winona, MN 55987

Bartow B Duncan III, Esq.
Arnall Golden Gregory LLP
171 17th St. NW, Suite 2100
Atlanta, GA 30363