Jeff P. Prostok
State Bar No. 16352500
Emily S. Chou
State Bar No. 24006997
Dylan T.F. Ross
State Bar No. 24104435
FORSHEY & PROSTOK, L.L.P.
777 Main Street, Suite 1550
Fort Worth, Texas 76102
Phone: (817) 877-8855
Fax: (817) 877-4151
jprostok@forsheyprostok.com
echou@forsheyprostok.com
dross@forsheyprostok.com

ATTORNEYS FOR THE DEBTORS
AND DEBTORS-IN-POSSESSION

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| NGV GLOBAL GROUP, INC., *et al.*,[1] | § | Case No. 22-42780-MXM-11 |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |

**DEBTORS' LIMITED OBJECTION TO MIKE ALBERT LTD.'S DECLARATIONS IN SUPPORT
OF AWARD OF CONTEMPT SANCTIONS TO MIKE ALBERT LTD.**

NGV Global Group, Inc. ("NGV Global"), Natural Gas Vehicles Texas, Inc. ("NGV Texas"),

Natural Gas Supply, LLC ("NGS"), and Natural Gas Logistics Inc. ("NGL", and collectively with

NGV Global, NGV Texas, and NGS, the "Debtors"), as debtors and debtors-in-possession, file

this *Limited Objection* (the "Objection") to the Declarations in Support of Award of Contempt

Sanction to Mike Albert Ltd.  [Docket No. 259] (the "Declarations")[2] filed by Mike Albert Ltd.

("MAL").  In support of this Objection, the Debtors respectfully represent as follows:

**I.  BACKGROUND**

1.       On November 17, 2022 (the "Petition Date"), the Debtors filed voluntary petitions

for relief under Chapter 11 of the Bankruptcy Code.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: NGV Global Group, Inc. (9723), Natural Gas Vehicles Texas, Inc. (8676), Natural Gas Supply, LLC (4584) and Natural Gas Logistics Inc. (5403).
[2]  Capitalized terms not otherwise defined herein shall have the same meaning given to them in the Declarations.

2.      The Debtors continue to manage and operate their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.  No trustee, examiner, or committee has been appointed in these cases.

3.      On November 22, 2022, the Court entered its *Order Pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure Directing Joint Administration of Chapter 11 Cases* [Docket No. 28] requiring all orders, pleadings, papers, and documents to be filed in the NGV Global chapter 11 case and establishing case no. 22-42780-11-mxm as the lead case in these matters.

4.      On March 8, 2023, MAL filed its *Renewed Motion to Hold Debtors and Farroukh Zaidi in Contempt* [Docket No. 204] (the "Motion for Contempt").

5.      On March 31, 2023, the Court entered its *Order Granting in Part Mike Albert Ltd.'s Renewed Motion to Hold Debtors and Farroukh Zaidi in Contempt* [Docket No. 240] (the "Contempt Order").

6.      On April 10, 2023, MAL filed three (3) declarations in support of award contempt sanctions: (1) the *Declaration of Brian L. Brown in Support of Award of Contempt Sanction to Mike Albert Ltd.* (the "Brown Declaration"); (2) the *Declaration of Robert G. Sanker in Support of Award of Attorney's Fees* (the "Sanker Declaration").; and (3) the *Declaration of Patrick M. Lynch in Support of Award of Attorney's Fees* (the "Lynch Declaration").

## II.  LIMITED OBJECTION

### A.      Limited Objections to the Brown Declaration.

7.      The Sanctions Order holds that "[t]he Debtors shall pay to MAL: (a) the costs and expenses that MAL has incurred or will incur on or after March 1, 2023 to retrieve the Vehicles that the Debtors did not return to the Designated Locations by February 28, 2023 (collectively, the "Retrieval Costs"); (b) for each Vehicle that the Debtors continued to use on or after March 1, 2023, a daily rental charge from March 1, 2023 until such Vehicle was or is returned to the

Designated Locations or retrieved by MAL (collectively, the "Rental Charges") … ."[3]

8.     The Brown Declaration purports to support the following summary of Retrieval

Costs and Rental Charges:

| Retrieval Costs | $20,700.00 |
|---|---|
| Rental Charges for Vehicles that were Surrendered, Returned or Sold | $151,438.00 |
| Rental Charges for Vehicles that have not been Surrendered, Returned or Sold | $47,989.00 |
| Rental Charges for Stolen Vehicles for which no insurance claim has been filed | $22,644.00 |
| **Total:** | **$242,771.00** |

i.     Retrieval Costs

9.     The Retrieval Costs are allegedly evidenced by Exhibit A to the Brown Declaration.

Upon review of Exhibit A, MAL only provides for a total of $6,400 in tow charges for eleven (11)

Vehicles and one (1) trailer. Exhibit A does not contain any additional support for the remaining

$14,300 in alleged Retrieval Costs. Accordingly, the Debtors object to the Retrieval Costs to the

extent they exceed $6,400.00.

ii.     Rental Charges for Vehicles that were Surrendered, Returned, or Sold

10.     Pursuant to the Sanctions Order, MAL is only to charge the Debtors "for each

Vehicle that the Debtors *continued to use* on or after March 1, 2023 … ."[4] Exhibit B to the Brown

Declaration shows the miles driven on the Vehicles between March 1, 2023 and March 24, 2023,

but it fails to distinguish when each specific vehicle stopped operating. Instead, Exhibit B

aggregates all of the Vehicles together and seeks to charge the Debtors for daily use of the vehicle

until it was picked up by MAL.

11.     The following Vehicles were issued for pick up and did not operate after the listed

date:

---

[3] Motion for Contempt, ¶ 6.
[4] *Id.*

| Year | Make | VIN | Date Issued for Pickup | Days from 3/1/23 | Daily Rental | Net Compared to Exhibit B |
|---|---|---|---|---|---|---|
| 2014 | Freightliner | IFUBGAD95ELFW1721 | 3/13/23 | 12 | $1,596 | $1,995 |
| 2016 | Freightliner | 1FUJGBD97GLHH8350 | 3/13/23 | 12 | $1,596 | $1,463 |
| 2016 | Volvo | 4V5NC9UG1GN929894 | 3/3/23 | 2 | $266 | $2,793 |
| 2014 | Volvo | 4V5NC9UG0EN147096 | 3/3/23 | 2 | $266 | $1,596 |
| 2016 | Volvo | 4V5NC9UGXGN929876 | 3/3/23 | 2 | $266 | $1,596 |
| 2016 | Volvo | 4V5NC9UG4GN929873 | 3/3/23 | 2 | $266 | $1,596 |
| 2016 | Freightliner | 1FUJGHD9XGLHH8278 | 3/3/23 | 2 | $266 | $1,596 |
| 2015 | Freightliner | 1FUJGBD92FLFW2657 | 3/6/23 | 5 | $665 | $1,330 |
| **Total:** | | | | | **$5,187** | **$13,965** |

12.     Accordingly, the Debtors object to the Rental Charges as detailed in Exhibit B and request a reduction of $13,965.00 for Vehicles that were not used after MAL was given notice that they were parked and ready for pick up.

iii.    Rental Charges for Vehicles that have not been Surrendered, Returned, or Sold

13.     MAL attached Exhibit C to the Brown Declaration as evidence of "Vehicles that the Debtors have not surrendered, returned or purchased, **and continue to use**."[5] However, MAL failed to provide proof that the Debtors continued to use the following Vehicles:

| Year | Make | VIN | Daily Rental Charge | Notes |
|---|---|---|---|---|
| 2016 | Kenworth | 1NKYD39X8GJ116624 | $5,661 | Stolen-Located |
| 2014 | Freightliner | 1FUJGBD93ELFW7972 | $5,661 | At Hylilion |
| **Total:** | | | **$11,322** | |

14.     The Debtors cannot have used a truck that was stolen, nor could they continue to use a truck that has been in the shop at Hylilion since the beginning of these bankruptcy proceedings. Accordingly, the Debtors object to the Rental Charges in Exhibit C to the amount of $11,322.00.

---

[5] Brown Declarations, ¶ 9 (emphasis retained).

iv.   Rental Charges for Stolen Vehicles for which no insurance claim has been filed

15.     The Debtors have provided MAL with copies of the police reports filed in connection with the Stolen Vehicles. The Debtors have also filed a claim with the Debtors' relevant insurance company. However, these stolen Vehicles were never delivered to the Debtors. The Debtors have no records of receiving the initial delivery of these Stolen Vehicles, therefore the Stolen Vehicles were never added to any of the Debtors' insurance policies. As such, the Debtors' insurance companies will deny the claims and no payout to MAL will ever occur.

16.     Accordingly, there is nothing further the Debtors can provide to MAL and the Debtors should not be billed Rental Charges for Vehicles that would not have generated MAL any income. The Debtors object to the entire amount listed on Exhibit D of the Brown Declaration, $22,644.00.

v.   Conclusion on Retrieval Costs and Rental Charges

17.     Based on the above, the Debtors propose that the corrected amounts of the Retrieval Costs and Rental Charges are as follows:

| Retrieval Costs | $6,400.00 |
|---|---|
| Rental Charges for Vehicles that were Surrendered, Returned or Sold | $137,473.00 |
| Rental Charges for Vehicles that have not been Surrendered, Returned or Sold | $36,667.00 |
| Rental Charges for Stolen Vehicles for which no insurance claim has been filed | $0.00 |
| **Total:** | **$180,540.00** |

18.     The Debtors object to the extend MAL is seeking to recover for Retrieval Costs and Rental Charges in excess of $180,540.

**B.     Limited Objections to the Sanker Declaration.**

19.     The Sanctions Order provides that "[t]he Debtors shall pay to MAL … all reasonable attorney's fees and costs incurred by MAL in connection with the [Motion for

Contempt] (the '<u>Fees</u>')."[6]

20.     A handful of the time entries included as <u>Exhibit A</u> to the Sanker Declaration include Fees for time incurred by MAL *not* in connection with the Motion for Contempt:

      a.     03/15/2023 – 0.20 – $110.00 – "Review landlord motion for expedited hearing and order granting."

      b.     03/23/2023 – 2.50 – $1,375.00 – "Attend hearing on landlord's motion for relief from stay."

      c.     03/29/2023 – 0.70 – $385.00 – "Review and revise forms of claims and addenda; email to MAL and follow up call re claims."

21.     In total, the Debtors object to $1,870.00 of Fees. These Fees do not relate to the Motion for Contempt or the Sanctions Order. Accordingly, the Sanker's Fees should be reduced to $24,464.50.

**C.     Limited Objections to the Lynch Declaration.**

22.     The Debtors do not object to any of the attorneys' fees or costs asserted and supported by the Lynch Declaration.

WHEREFORE, for the reason set for above, the Debtors request that the Court sustain this Objection and reduce MAL's request for fees and costs associated with the Motion for Contempt as detailed herein, and grant the Debtors such other relief as just and proper.

Dated:  April 24, 2023             Respectfully submitted,

                          /s/ Jeff P. Prostok
                          Jeff P. Prostok
                          State Bar No. 16352500
                          Emily S. Chou
                          State Bar No. 24006997
                          Dylan T.F. Ross
                          State Bar No. 24104435
                          FORSHEY & PROSTOK, L.L.P.
                          777 Main Street, Suite 1550
                          Fort Worth, Texas 76102
                          Phone: (817) 877-8855
                          Fax: (817) 877-4151
                          jprostok@forsheyprostok.com
                          echou@forsheyprostok.com

---

[6] Motion for Contempt, ¶ 6.

dross@forsheyprostok.com

ATTORNEYS FOR THE DEBTORS
AND DEBTORS-IN-POSSESSION

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served upon the parties listed below via email and via ECF electronic Notice, if available, on April 24, 2023.

Patrick M. Lynch
QUILLING SELANDER LOWNDS, WINSLETT & MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 880-1864
Plynch@QSLWM.com

Robert G. Sanker
KEATING MUETHING & KLEKAMP PLLC
One East 4th Street, Suite 1400
Cincinnati, OH 45202
(513) 579-6587
Rsanker@kmklaw.com

ATTORNEYS FOR MIKE ALBERT LTD.

/s/ Dylan T.F. Ross
Dylan T.F. Ross

L:\JPROSTOK\Natural Gas Logistics, Inc. (NGV Global) #6321 WO\Pleadings\Limited Obj to MAL Declarations (Final) 4.24.23.docx