John K. Turner
Linebarger Goggan Blair & Sampson, LLP
2777 N. Stemmons Fwy, Suite 1000
Dallas, Texas 75207
(214) 880-0089 Telephone
(469) 221-5003 Facsimile

Attorneys for Tarrant County

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **NGV GLOBAL GROUP, INC.,** *et al*, | § | Case No. 23-42780 |
| | § | |
| **Debtors.** | § | (Jointly Administered) |

## DALLAS COUNTY'S OBJECTION
## TO DEBTORS' MOTION TO DISMISS BANKRUPTCY CASES

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE**:

Comes now Dallas County, creditor and party-in-interest, and file this, its Objection to the Debtors' Motion to Dismiss Bankruptcy Cases (the "Motion") and would respectfully show the Court the following:

1. Dallas County, a duly organized governmental unit of the State of Texas, is the holder of prepetition and postpetition claims for business personal property ad valorem taxes. Debtor Natural Gas Vehicles Texas, Inc. owes prepetition business personal property ad valorem taxes for tax years 2012 through 2022 in the amount of $131,900.03 plus post-petition interest. Additionally, estimated taxes for 2023 total $89,644.42. Debtor Natural Gas Supply owes prepetition business personal property ad valorem taxes for tax year 2022 in the amount of $118.25 plus post-petition interest. Additionally, estimated taxes for 2023 total $118.25.

2. Dallas County's claims are secured by unavoidable, first priority, perfected liens on the Debtor's tangible personal property within its jurisdiction pursuant to Texas Tax Code Sections 32.01 and 32.05 and 11 U.S.C. Section 362(b)(18). *In re Winn's Stores, Inc.*, 177 B.R. 253 (Bankr. W. D. Tex. 1995); *Central Appraisal District of Taylor County v. Dixie-Rose Jewels, Inc.*, 894 S.W.2d 841 (Tex. App. – Eastland 1995). These liens arise on January 1 of each tax year along with the property owner's personal liability for the ad valorem taxes and attach to the property by operation of law. Tex. Prop. Tax Code 32.01. Texas Tax Code Section 32.01 provides:

> (a) On January 1 of each year, a tax lien attaches to property to secure the payment of all taxes, penalties, and interest ultimately imposed for the year on the property, whether or not the taxes are imposed in the year the lien attaches. The lien exists in favor of each taxing unit having power to tax the property.
>
> (b) A tax lien on inventory, furniture, equipment, or other personal property is a lien *in solido* and attaches to all inventory, furniture, equipment, and other personal property that the property owner owns on January 1 of the year the lien attaches or that the property owner subsequently acquires.
>
> …
>
> (d) The lien under this section is perfected on attachment and … perfection requires no further action by the taxing unit.

Texas Tax Code Section 32.05 provides:

> (b) … a tax lien provided by this chapter takes priority over the claim of any creditor of a person whose property is encumbered by the lien and over the claim of any holder of a lien on property encumbered by the tax lien, whether or not the debt or lien existed before attachment of the tax lien.

3. Dallas County objects to the Debtors proposed dismissal of its cases. Debtors admit in the Motion that they are unable to reorganize. Thus, Debtors must liquidate but seek to do it without judicial oversight due to perceived cost efficiencies. However, given there are multiple secured creditor and landlord defaults evidenced both by the allegations in the Motion

as well as the record before this Court, allowing the case to dismiss will only lead to a mad scramble by creditors to seize assets or risk non-payment. This is particularly concerning to Dallas County, which holds a priority tax lien. Much of the Dallas County claim is an administrative expense claim for 2023 ad valorem taxes; however, the Debtors assets most likely would be seized and disposed of by competing creditors before the tax bills come out later in the year.

4. The best interests of creditors would be best served by appointment of a trustee to conduct an orderly liquidation of estate assets either under chapter 11 or through conversion of the case to a case under chapter 7. To date there has been no investigation or analysis of possible recoveries from insider or intercompany transactions, chapter 5 causes of action or the like. Debtors Schedules and Statement of Financial Affairs disclose transactions with insiders and affiliates Farroukh Zaidi in the amount of $1,982,000, Natural Gas Logistics, Inc. in the amount of $4,057,632.00, Natural Gas Supply LLC in the amount of $811,997.62, Natural Gas Vehicles Texas, Inc. in the amount of $1,812,760.00, International Vehicle Sale and Leasing in the amount of $24,934.73, as well as payments for shareholder individual debt to Wallis State Bank in the amount of $24,996.99 and Neighborhood Credit Union in the amount of $14,974.78.

5. Additionally, a trustee may surcharge secured creditors under 506(c) to cover liquidation costs associated with an orderly liquidation, including payment of ad valorem taxes. This may be an appropriate case for the appointment of a trustee to conduct an orderly liquidation of estate assets and investigation of insider transactions.

WHEREFORE, PREMISES CONSIDERED, Dallas County requests that the Court enters an order denying the Motion, and either appoints a chapter 11 trustee to administer an

orderly liquidation of the estate or converts the case to a case under chapter 7, and grants it such other and further relief to which it may be justly entitled.

Dated:  May 9, 2023.

      Respectfully submitted,

      Linebarger Goggan Blair & Sampson, LLP
      2777 N. Stemmons Fwy, Suite 1000
      Dallas, TX 75201
      Ph. No.  (214) 880-0089
      Direct   (469) 221-5125
      Fax No. (469) 221-5003
      John.turner@lgbs.com

By:   /s/ John K. Turner_____
      John K. Turner
      Texas Bar No. 00788563

ATTORNEYS FOR DALLAS COUNTY

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was served electronically through the Court's electronic case filing system on this 9th day of May 2023.

/s/ John K. Turner _____
John K. Turner